IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   5:20-CR-317 (DNH) |
| | ) | |
| v. | ) | |
| | ) | |
| **CARLO DI PADOVA,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**OFFER OF PROOF**

In anticipation of the defendant's scheduled change of plea, the United States submits this Offer of Proof to provide the Court with and advise the defendant concerning the potential maximum penalties, a non-exhaustive list of adverse consequences that may flow from conviction, the elements of the offense, and a factual basis for the defendant's guilty plea. **The government respectfully requests that the Court ask the defendant to acknowledge the accuracy of the factual basis or to state with specificity disagreement with any of the facts described in it.**

1) **Potential Maximum Penalties:** The Court can impose the following maximum penalties for the offense to which the defendant is pleading guilty and may be required to impose mandatory minimum terms of imprisonment, all as set out below:

*Count One – Mailing a Threatening Communication, 18 U.S.C. § 876(c)*

   a) **Maximum term of imprisonment:** Ten years, pursuant to 18 U.S.C. § 876(c).

   b) **Maximum fine:** $250,000, pursuant to 18 U.S.C. § 3571(b)(3).

*Count Two – Impeding, Intimidating, and Interfering by Threat – 18 U.S.C. § 115(a)(1)(B)*

   c) **Maximum term of imprisonment:** Ten years, pursuant to 18 U.S.C. § 115(b)(4).

   d) **Maximum fine:** $250,000 pursuant to 18 U.S.C. § 3571(b)(3).

*Both Counts*

e) **Supervised release term:** In addition to imposing any other penalty, the sentencing court may require the defendant to serve a term of supervised release of up to three years, to begin after imprisonment. *See* 18 U.S.C. § 3583. A violation of the conditions of supervised release during that time period may result in the defendant being sentenced to an additional term of imprisonment of up to two years.

f) **Special Assessment:** The defendant will pay an assessment of $100 per count of conviction pursuant to 18 U.S.C. § 3013.

2) **Other Adverse Consequences:**

a) Conviction of a felony may result in the loss of civil rights, including, but not limited to, the right to vote and the right to possess firearms.

b) If the defendant is not a United States citizen, such conviction may result in deportation or removal from the United States, may bar readmission to the United States if the defendant leaves the country, and may result in a denial of a pending or future application for citizenship. If the defendant is a naturalized citizen, such conviction may result in denaturalization, followed by deportation or removal from the United States. Under federal law, removal or deportation may be an almost certain consequence of a conviction for a broad range of federal offenses, including, but not limited to, aggravated felonies, as defined in 8 U.S.C. § 1101(a)(43), and crimes of moral turpitude, which includes crimes involving fraud. Removal and other immigration consequences are the subject of a separate proceeding. No one, including the defendant's attorney and the Court, can predict with certainty the effect of the conviction on the defendant's immigration status. The defendant understands this uncertainty and nonetheless wishes to plead guilty regardless

of any immigration consequences that the guilty plea may entail, even if the consequence is the defendant's automatic removal from the United States.

c) A felony conviction may adversely affect the defendant's ability to hold certain professional licenses and may impair the defendant's ability to do business with federal, state, and local governments or to receive benefits from such governments.

**3)** **Elements of Offenses:**

*Count One – Mailing a Threatening Communication, 18 U.S.C. § 876(c)*

a) First, that the defendant threatened to injure a United States Senator, as charged in the Indictment;

b) Second, that the defendant deposited or caused to be deposited in the mail for delivery by the United States Postal Service the communication containing that threat;

c) Third, that the defendant mailed the threat knowingly; and

d) Fourth, the threat was addressed to an official who is covered by 18 U.S.C. § 1114, that is, any officer or employee of the United States or of any agency in any branch of the United States Government, while such officer or employee was engaged in or on account of the performance of official duties.

*Count Two – Impeding, Intimidating, and Interfering by Threat – 18 U.S.C. § 115(a)(1)(B)*

a) First, that the defendant threatened to murder a United States Senator, as charged in the Indictment;

b) Second, that at the time of the alleged threat, the United States Senator was a federal official; and

c) Third, that the defendant acted with the intent to impede, intimidate, or interfere with that official while he was engaged in the performance of his official duties.

4) **Factual Basis for Guilty Plea:**

   a) On January 23, 2019, the defendant—then an inmate housed at the New York State Department of Corrections and Community Supervision ("NYSDOCCS") Correctional Facility located in Auburn, New York ("Auburn Correctional Facility")—handed an envelope addressed to a sitting United States Senator to a NYDOCCS employee for mailing. The envelope was addressed to the Senator's office, where the Senator carries out official duties, and bore the defendant's name, NYSDOCCS identification number, and the address for Auburn Correctional Facility as the return address. The NYDOCCS employee placed the envelope in a receptacle for outgoing mail and the envelope was then transported to a United States Postal Service facility in Syracuse, New York, where it was processed for delivery.

   b) The envelope contained a small amount of white powder and a handwritten note addressed to the Senator stating:

   > You left wing bleeding heart liberal. Your [sic] a fuckin disgrace to our country. You and that piece of shit Pilosie. You diserve [sic] each other. Your [sic] putting our country at risk each day by not funding the wall!! Start looking over your shoulder, because I'm going to have someone shoot you in the head. In the meantime, choke on this.

   c) On January 28, 2019, the envelope was intercepted at the United States Senate Mail Processing Center in Landover, Maryland, and opened by an employee screening Senate mail. After the employee discovered the handwritten note and white powder, operations at the facility were halted for approximately an hour and a half while a hazardous materials response team was deployed to test the white powder and rule out the presence of a biological agent.

d) The white powder was determined to be metronidazole, which is a medication prescribed to the defendant, and a DNA sample taken from the defendant matched DNA recovered from the envelope.

Respectfully submitted,

ANTOINETTE T. BACON
Acting United States Attorney

| | |
|---|---|
| Emily C. Powers | 2/22/2021 |
| Assistant United States Attorney | Date |
| Bar Roll No. 5130295 | |

5